PER CURIAM.
We have for consideration the regular-cycle report of proposed rule amendments filed by The Florida Bar’s Civil Procedure Rules Committee (Committee). See Fla. R. Jud. Admin. 2.140(b)(4). We have jurisdiction[1] and adopt the amendments as proposed.
BACKGROUND
The Committee proposes amendments to Florida Rules of Civil Procedure 1.380 (Failure to Make Discovery; Sanctions); 1.431 (Trial Jury); 1.442 (Proposals for Settlement); 1.480 (Motion for a Directed Verdict); 1.490 (Magistrates); 1.530 (Motions for New Trial and Rehearing; Amendments of Judgments); 1.560 (Discovery in Aid of Execution); and 1.630 (Extraordinary Remedies); and forms 1.910 (Subpoena for Trial); 1.911(Subpoe-na Duces Tecum for Trial); 1.912 (Subpoena for Deposition); 1.913 (Subpoena Duces Tecum for Deposition); 1.922 (Subpoena Duces Tecum without Deposition); 1.977 (Fact Information Sheet); 1.981 (Satisfaction of Judgment); 1.982 (Contempt Notice); and 1.997 (Civil Cover Sheet). The Committee proposes new rules 1.020 (Privacy and Court Records) and 1.451 (Taking Testimony). The Committee also proposes amendments to the Uniform Guidelines on Taxation of Costs. Consistent with Florida Rule of Judicial Administration 2.140(b)(2), the Committee published the proposals for comment before filing them with the Court. The Committee made no changes in response to the two comments it received. The Board of Governors of The Florida Bar unanimously approved the proposals. After the proposals were filed, the Court published them for comment. Two comments were filed with the Court, one in support of the amendments to rule 1.630 (Extraordinary Remedies) and another suggesting extensive revisions to the Committee’s proposal concerning rule 1.490 (Magistrates). The Committee filed a response to the comments. The Committee also filed a supplemental petition proposing an additional amendment to rule 1.490.
AMENDMENTS
The majority of the Committee’s proposals are straightforward, and no comments were filed opposing them. We adopt those proposals without further discussion. We discuss only new rule 1.451 (Taking Testimony) and the amendments to rules 1.442 *644 (Proposals for Settlement) and 1.490 (Magistrates), which we also adopt as proposed.
A majority of the Committee members urge the Court to delete the rule 1.442(c)(2)(B) (Form and Content of Proposal for Settlement) requirement that the proposal for settlement “identify the claim or claims the proposal is attempting to resolve” and replace it with the requirement that the proposal “state that [it] resolves all damages that would otherwise be awarded in a final judgment in the action,” subject to the provision in the rule governing attorney fees. The majority of the Committee determined that the amendment was needed to curtail partial proposals for settlement and to comport with section 768.79(2), Florida Statutes (2012), which states, in pertinent part, that “[t]he offer [to settle] shall be construed as including all damages which could be awarded in a final judgment.” Although the Committee reported that a minority of its members are of the view that the rule should not be changed without clarification from the Legislature or the courts, we defer to the majority view and amend the rule as proposed.
New rule 1.451 (Taking Testimony), which we adopt as proposed, authorizes a court to permit testimony at a civil hearing or trial by audio or video communication equipment by agreement of the parties or for good cause shown on written request of a party and reasonable notice to all other parties. The Committee proposed the new civil procedure rule in response to Florida Rule of Judicial Administration 2.530 (Communication Equipment), which permits a court to allow testimony to be taken through communication equipment if all the parties consent or if permitted by another applicable rule of procedure.
In 2011, at the urging of the Rules of Judicial Administration Committee, the Court amended rule 2.530 to allow testimony to be taken by communication equipment without the parties’ consent “if permitted by another applicable rule of procedure.” See In re Amend. Fla. Rules of Jud. Admin., 73 So.3d 210, 211 (Fla.2011). That amendment was intended to “allow the various Florida Bar rules committees to consider whether their bodies of rules should be amended to allow for the use of communication equipment without the parties’ consent.” Id. According to the report in this case, when drafting new rule 1.451, the Committee was mindful of the need for consistency with rule 2.530. The Committee also addressed the need to provide guidance to the court by adding a committee note to the rule that offers factors the court may consider in determining whether good cause exists to permit testimony by audio or video equipment over objection.
Finally, we adopt the proposed amendments to rule 1.490 (Magistrates), which governs appointment of magistrates in civil cases. According to the Committee report, the amendments are intended to make the civil rule more consistent with Florida Rule of Juvenile Procedure 8.257 and Florida Family Law Rule of Procedure 12.490, which govern the appointment of magistrates in juvenile and family law cases. The requirement in rule 1.490 that “[u]nless otherwise ordered by the court, all hearings must be held in the courthouse of the county where the action is pending” is deleted. As proposed in the supplemental petition, the words “in writing” are deleted from the sentence in newly-designated subdivision (g) that governs the taking of evidence at the hearing. This amendment is consistent with the use of electronic recording of the proceedings. As amended, rule 1.490 now requires exceptions to the magistrate’s report to be filed rather than served. Various requirements also are added to the rule for: (1) *645 the notice of hearing concerning the use of electronic recording or court reporting to create the record; (2) the magistrate’s report; (3) cross-exceptions to the magistrate’s report; and (4) the record needed to support a party’s exceptions to the magistrate’s report.
According to the report, the Committee proposed some of the amendments at the suggestion of Robert J. Jones, General Magistrate in the Eleventh Circuit (Miami-Dade County). Mr. Jones also filed comments with both the Committee and the Court and participated in discussions with Committee members regarding his suggested extensive revisions to the Committee’s proposals. According to the Committee’s response filed with the Court, the Committee considered but rejected Mr. Jones’ proposed total rewrite of rule 1.490 to mirror Florida Family Law Rules of Procedure 12.490 (General Magistrates) and 12.492 (Special Magistrates), choosing instead to make a number of measured improvements to the notice, record, report, and exception provisions of rule 1.490. The Committee determined that the limited use of magistrates in cases governed by the civil procedure rules suggests that there is no need for uniformity in the treatment of magistrates across the different sets of procedural rules. Therefore, the Committee urges against the “wholesale” revisions suggested by Mr. Jones.
After considering the Committee’s proposals, Mr. Jones’ suggested revisions, and the Committee’s response, we defer to the Committee and adopt its more measured changes to rule 1.490. However, we thank both the Committee members and Mr. Jones for their efforts to improve the civil procedure rules pertaining to magistrates.
CONCLUSION
Accordingly, we amend the Florida Rules of Civil Procedure and the Uniform Guidelines on Taxation of Costs as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective January 1, 2014, at 12:01 a.m.
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
APPENDIX
RULE 1.020. PRIVACY AND COURT RECORDS
Every pleading or other paper filed with the court shall comply with Florida Rule of Judicial Administration 2,425.
RULE 1.380. FAILURE TO MAKE DISCOVERY; SANCTIONS
(a) Motion for Order Compelling Discovery. Upon reasonable notice to other parties and all persons affected, a party may apply for an order compelling discovery as follows:
(l)-(3) [No Change]
(4) Award of Expenses of Motion.
If the motion is granted and after opportunity for hearing, the court shall require the party or deponent whose conduct necessitated the motion or the party or counsel advising the conduct to pay to the moving party the reasonable expenses incurred in obtaining the order that may include attorneys’ fees, unless the court finds that the movant failed to certify in the motion that a good faith effort was made to obtain the discovery without court action, that the opposition to the motion was substantially justified, or that other circumstances make an award of expenses un *646 just. If the motion is denied and after opportunity for hearing, the court shall require the moving party to pay to the party or deponent who opposed the motion the reasonable expenses incurred in opposing the motion that may include attorneys’ fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust. If the motion is granted in part and denied in part, the court may apportion the reasonable expenses incurred as a result of making the motion among the parties and persons.
(b) Failure to Comply with Order.
(1) [No Change]
(2) If a party or an officer, director, or managing agent of a party or a person designated under rule 1.310(b)(6) or 1.320(a) to testify on behalf of a party fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or rule 1.360, the court in which the action is pending may make any of the following orders:
(A)-(E) [No Change]
Instead of any of the foregoing orders or in addition to them, the court shall require the party failing to obey the order to pay the reasonable expenses caused by the failure, which may include attorneys’ fees, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.
(c) [No Change]
(d) Failure of Party to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection. If a party or an officer, director, or managing agent of a party or a person designated under rule 1.310(b)(6) or 1.320(a) to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition after being served with a proper notice, (2) to serve answers or objections to interrogatories submitted under rule 1.340 after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under rule 1.350 after proper service of the request, the court in which the action is pending may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule. Any motion specifying a failure under clause (2) or (3) of this subdivision shall include a certification that the movant, in good faith, has conferred or attempted to confer with the party failing to answer or respond in an effort to obtain such answer or response without court action. Instead of any order or in addition to it, the court shall require the party failing to act to pay the reasonable expenses caused by the failure, which may include attorneys’ fees, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust. The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has applied for a protective order as provided by rule 1.280(c).
(e)[No Change]
Committee Notes
1972-2012 Amendments. [No Change]
2013 Amendment. This rule was amended to add “substantially” before “justified” in subdivisions (a)(4), (b)(2), and (d), to make the rule internally consistent and to make it more consistent with Federal Rule of Civil Procedure 37, from which it was derived.
RULE 1.431. TRIAL JURY
(a)-(h) [No Change]
*647 (i)Communication with the Jury. This rule governs all communication between the judge or courtroom personnel and jurors.
(1) Communication to be on the Record. The court shall notify the parties of any communication from the jury-pertaining to the action as promptly as practicable and in any event before responding to the communication. Except as set forth below, all communications between the court or courtroom personnel and the jury shall be on the record in open court or shall be in writing and filed in the action. The court or courtroom personnel shall note on any written communication to or from the jury the date and time it was delivered.
(2) Exception for Certain Routine Communication. The court shall, by pretrial order or by statement on the record with opportunity for objection, set forth the scope of routine ex parte communication to be permitted and the limits imposed by the court with regard to such communication.
(A) Routine ex parte communication between the bailiff or other courtroom personnel and the .jurors, limited to .juror comfort and safety, may occur off the record.
(B) In no event shall ex parte communication between courtroom personnel and .jurors extend to matters that may affect the outcome of the trial, including statements containing any fact or opinion concerning a party, attorney, or procedural matter or relating to any legal issue or lawsuit.
(3) Instructions to Jury. During voir dire, the court shall instruct the jurors and courtroom personnel regarding the limitations on communication between the court or courtroom personnel and jurors. Upon empanelling the jury, the court shall instruct the jurors that their questions are to be submitted in writing to the court, which will review them with the parties and counsel before responding.
(4)Notification of Jury Communication. Courtroom personnel shall immediately notify the court of any communication to or from a juror or among jurors in contravention of the court’s orders or instructions, including all communication contrary to the requirements of this rule.
Committee Notes
1971 Adoption — 2005 Amendment. [No Change]
2013 Amendment. Subdivision (i) governs the responsibility of the court for ensuring that parties and their counsel are aware of all contact with the jury that could affect the outcome of the case. Trial judges may have differing views on what constitutes harmless or routine ex parte communication with jurors. Reasonable variations are therefore permitted, provided the judge adequately advises counsel, before the trial begins, of the specific circumstances under which the court has determined that jury communications will not be reported to the parties. The rule does not prevent the bailiff or other courtroom personnel from discussing such routine matters as juror parking, location of break areas, how and when to assemble for duty, dress, and which items of a juror’s personal property may be brought into the courthouse or jury room. However, for example, questions or remarks from a juror about such matters as the length of a witness’s testimony, when court will adjourn on a given day, or how long the trial may take to complete should be reported to the judge, as these matters may be of interest to the parties. Any doubt as to *648 whether a communication may or may not be of interest to the parties should be resolved in favor of promptly informing the court, the parties, and counsel, even if it is after the fact. This will best ensure that the parties have the opportunity to object to any improper communication and give the court an opportunity to cure any prejudice, if an objection is made.
RULE 1.442. PROPOSALS FOR SETTLEMENT
(a)-(b) [No Change]
(c) Form and Content of Proposal for Settlement.
(1) A proposal shall be in writing and shall identify the applicable Florida law under which it is being made.
(2) A proposal shall:
(A) [No Change]
(B) identify the claim, or-claims the proposal- is attempting — to resolve state that the proposal resolves all damages that would otherwise be awarded in a final judgment in the action in which the proposal is served, subject to subdivision (F);
(C)-(G) [No Change]
(3)-(4) [No Change]
(d)-(j) [No Change]
Committee Notes
1996-2013 Amendments. [No Change]
2013 Amendment. Subdivision (c)(2)(B) is amended to clarify that a proposal for settlement must resolve all claims between the proponent and the party to whom the proposal is made except claims for attorneys’ fees, which may or may not be resolved in the proposal.
RULE 1.451. TAKING TESTIMONY
(a) Testimony at Hearing or Trial. When testifying at a hearing or trial, a witness must be physically present unless otherwise provided by law or rule of procedure.
(b) Communication Equipment. The court may permit a witness to testify at a hearing or trial by contemporaneous audio or video communication equipment (1) by agreement of the parties or (2) for good cause shown upon written request of a party upon reasonable notice to all other parties. The request and notice must contain the substance of the proposed testimony and an estimate of the length of the proposed testimony. In considering sufficient good cause, the court shall weigh and address in its order the reasons stated for testimony by communication equipment against the pdtential for prejudice to the objecting party.
(c) Required Equipment. Communication equipment as used in this rule means a conference telephone or other electronic device that permits all those appearing or participating to hear and speak to each other simultaneously and permits all conversations of all parties to be audible to all persons present. Contemporaneous video communications equipment must make the witness visible to all participants during the testimony. For testimony by any of the foregoing means, there must be appropriate safeguards for the court to maintain sufficient control over the equipment and the transmission of the testimony so the court may stop the communication to accommodate objection or prevent prejudice.
(d) Oath. Testimony may be taken through communication equipment only if a notary public or other person authorized to administer oaths in the witness’s jurisdiction is present with the witness and administers the oath consistent with the laws of the jurisdiction.
(e) Burden of Expense. The cost for the use of the communication equipment is *649 the responsibility of the requesting party unless otherwise ordered by the court.
Committee Note
2013 Adoption. This rule allows the parties to agree, or one or more parties to request, that the court authorize presentation of witness testimony by contemporaneous video or audio communications equipment. A party seeking to present such testimony over the objection of another party must still satisfy the good-cause standard. In determining whether good cause exists, the trial court may consider such factors as the type and stage of proceeding, the presence or absence of constitutionally protected rights, the importance of the testimony to the resolution of the case, the amount in controversy in the case, the relative cost or inconvenience of requiring the presence of the witness in court, the ability of counsel to use necessary exhibits or demonstrative aids, the limitations (if any) placed on the opportunity for opposing counsel and the finder of fact to observe the witness’s demeanor, the potential for unfair surprise, the witness’s affiliation with one or more parties, and any other factors the court reasonably deems material to weighing the justification the requesting party has offered in support of the request to allow a witness to testify by communications equipment against the potential for prejudice to the objecting party. With the advance of technology, the cost and availability of contemporaneous video testimony may be considered by the court in determining whether good cause is established for audio testimony.
RULE 1.480. MOTION FOR A DIRECTED VERDICT
(a) [No Change]
(b) Reservation of Decision on Motion. When a motion for a directed ver-diet is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Within 1015 days after the return of a verdict, a party who has timely moved for a directed verdict may serve a motion to set aside the verdict and any judgment entered thereon and to enter judgment in accordance with the motion for a directed verdict. If a verdict was not returned, a party who has timely moved for a directed verdict may serve a motion for judgment in accordance with the motion for a directed verdict within 4015 days after discharge of the jury.
(c)[No Change]
Committee Notes
1996-2010 Amendments.[No Change]
2013 Amendment. Subdivision (b) is amended to change the time for service of a motion from 10 to 15 days after the specified event.
RULE 1.490. MAGISTRATES
(a)-(e) [No Change]
(f) Notice of Hearings. The magistrate shall assign a time and place for proceedings as soon as reasonably possible after the reference is made and give notice to each of the parties. The notice or order setting a matter for hearing before the magistrate must state if electronic recording or a court reporter will be used to create a record of the proceedings. If electronic recording is to be used, the notice must state that any party may have a court reporter transcribe the record of the proceedings at that party’s expense. If any party fails to appear, the magistrate may proceed ex parte or may adjourn the proceeding to a future day, giving notice to the absent party of the adjournment.
(g) Hearings. The magistrate shall proceed with reasonable diligence in every reference and with the least practicable *650 delay. Any party may apply to the court for an order to the magistrate to speed the proceedings and to make the report and to certify to the court the reason for any delay. Unless- otherwise - ordered by-the court,--all hearings shall — be held in the courthouse of the county where the-action is pending- The evidence shall be taken is writing by the magistrate or by some other person under the magistrate’s authority in the magistrate’s presence and shall be filed with the magistrate’s report. The magistrate shall have authority to examine the parties and all witnesses produced by the parties on oath upon-all-matters -contained in the reference and to require production of all books, papers, writings, vouchers, and other documents applicable to the referenced matters it-and-to examine on oath-orally all-witnesses-produced by the parties The magistrate shall admit evidence by deposition or that is otherwise admissible in court. The magistrate may take all actions concerning evidence that can be taken by the court and in the same manner. All parties accounting before a magistrate shall bring in their accounts in the form of accounts payable and receivable, and any other parties who are not satisfied with the account may examine the accounting party orally or by interrogatories or deposition as the magistrate directs. All depositions and documents that have been taken or used previously in the action may be used before the magistrate.
(gh) Magistrate’s Report, in the-reports made-by- the magistrate-no part of any- statement- of facts,-.ac-couat, charge, deposition — examination,-or—answer used before- -the — magistrate'-shall—be recited. The matters-shall be identified-to inform the court--what items were-used. The magistrate must file the report on the referenced matters and serve copies on all parties, and include the name and address of any court reporter who transcribed the proceedings. The magistrate’s report must contain the following language in bold type:
IF YOU WISH TO SEEK REVIEW OF THE REPORT AND RECOMMENDATIONS MADE BY THE MAGISTRATE, YOU MUST FILE EXCEPTIONS IN ACCORDANCE WITH FLORIDA RULE OF CIVIL PROCEDURE 1.4900). YOU WILL BE REQUIRED TO PROVIDE THE COURT WITH A RECORD SUFFICIENT TO SUPPORT YOUR EXCEPTIONS OR YOUR EXCEPTIONS WILL BE DENIED. A RECORD ORDINARILY INCLUDES A WRITTEN TRANSCRIPT OF ALL RELEVANT PROCEEDINGS. THE PERSON SEEKING REVIEW MUST HAVE THE TRANSCRIPT PREPARED IF NECESSARY FOR THE COURT’S REVIEW.
(hj) Filing Report; Notice; Exceptions. The magistrate-shall file -the-report aad-serve copies on the-parties. The parties may serve file exceptions to the report within 10 days from the time after it is served on-them-. Any party may file cross-exceptions within 5 days from the service of the exceptions. If no exceptions are timely filed, with-in-fhat- period,- the court shall take appropriate action on the report. If exceptions are timely filed they shall be heard the court shall resolve the exceptions at a hearing on reasonable notice by either-party The filing of cross-exceptions shall not delay a hearing on the exceptions and cross-exceptions unless good cause is shown.
(j) Record. A party filing exceptions to the magistrate’s report must provide the court in advance of the hearing a record sufficient to support that party’s exceptions.
*651 (1) The record shall include the court file, designated portions of the transcript of proceedings before the magistrate, and all depositions and evidence presented to the magistrate. The designated transcript portions must be delivered to the court and all other parties at least 48 hours before the hearing.
(2) If the party filing exceptions has the court reporter prepare less than a full transcript of proceedings before the magistrate, that party must promptly file a notice designating the portions of the transcript that have been ordered. The other parties must be given reasonable time after service of the notice to arrange for the preparation and designation of other portions of the transcript for the court to consider at the hearing.
Committee Notes
1971-1980 Amendments. [No Change]
Court Commentary
[No Change]
RULE 1.530. MOTIONS FOR NEW TRIAL AND REHEARING; AMENDMENTS OF JUDGMENTS
(a) [No Change]
(b) Time for Motion. A motion for new trial or for rehearing shall be served not later than 4015 days after the return of the verdict in a jury action or the date of filing of the judgment in a non-jury action. A timely motion may be amended to state new grounds in the discretion of the court at any time before the motion is determined.
(c) [No Change]
(d) On Initiative of Court. Not later than 4015 days after entry of judgment or within the time of ruling on a timely motion for a rehearing or a new trial made by a party, the court of its own initiative may order a rehearing or a new trial for any reason for which it might have granted a rehearing or a new trial on motion of a party.
(e)-(f) [No Change]
(g) Motion to Alter or Amend a Judgment. A motion to alter or amend the judgment shall be served not later than 4015 days after entry of the judgment, except that this rule does not affect the remedies in rule 1.540(b).
Committee Notes
1992 Amendment. [No Change]
2013 Amendment. Subdivisions (b) and (g) are amended to change the deadlines for service of certain motions from 10 to 15 days after the specified event. Subdivision (d) is amended to change the deadline for a court to act of its own initiative.
Court Commentary
[No Change]
RULE 1.560. DISCOVERY IN AID OF EXECUTION
(a)-(d) [No Change]
(e) Notice of Compliance, — The judgment debtor shall file •with the clerk of court a notice of compliance with the order tO'complete form 1.977» and serve a copy of the notice of compliance on the judgment creditor-or — the-judgment-creditor-’s-attor-
Committee Notes
1972-2000 Amendments.[No Change]
2013 Amendment. Subdivision (e) was deleted because the filing of a notice of compliance is unnecessary for the judgment creditor to seek relief from the court for noncompliance with this rule, and because the Fact Information Sheet itself should not be filed with the clerk of the court.
*652 RULE 1.630. EXTRAORDINARY REMEDIES
(a) Applicability. This rule applies to actions for the issuance of writs of mandamus, prohibition, quo warranto, certiorari? and habeas corpus.
(b) [No Change]
(c) Time. A complaint shall be filed within the time provided by law, except that a complaint for-common law certiorari shall-be-filed within-3Q days of rendition-of the matter sought-to-be reviewed.
(d) Process. If the complaint shows a prima facie case for relief, the court shall issue:
(1) a summons in certiorari;
(2) an order nisi in prohibition;
(32) an alternative writ in mandamus that may incorporate the complaint by reference only;
(43) a writ of quo warranto; or
(54) a writ of habeas corpus.
The writ shall be served in the manner prescribed by law,except the summons in certiorari-shah-be served -as-provided in rule 1.0807
(e)[No Change]
Court Commentary
[No Change]
Committee Notes
2012 Amendment. [No Change]
2013 Amendment. Rule 1.630 has been amended to remove any reference to cer-tiorari proceedings, which instead are governed by the Florida Rules of Appellate Procedure. The Florida Rules of Appellate Procedure apply when the circuit courts exercise their appellate .jurisdiction.
*653 FORM 1.910. SUBPOENA FOR TRIAL
(a) For Issuance by Clerk.
SUBPOENA
THE STATE OF FLORIDA:
TO.:
YOU ARE COMMANDED to appear before the Honorable.Judge of the Court, at the.County Courthouse in., Florida, on., at.in., to testify in this action. If you fail to appear, you may be in contempt of court.
You are subpoenaed to appear by die following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.
DATED on
(Name of Clerk)
As Clerk of die Court
By-
As Deputy Clerk
Attorney for
Address
Florida Bar No.
Any minor subpoenaed for testimony shall have the right to be accompanied by a parent or guardian at all times during the taking of testimony notwitiistanding the invocation of the rule of sequestration of section 90.616, Florida Statutes, except upon a showing tiiatthe presence of a parent or guardian is likely to have a material, negative impact on the credibility or accuracy of the minor’s testimony, or that the interests of the parent or guardian are in actual or potential conflict with the interests of the minor.
If you arc a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [identify applicable court personnel by name, address, and telephone number] within-3-working-dnvs-of-your rcccintof this snbnoonaat least 7 days before your scheduled court appearance, or immediately unon receiving this notification if *654 the time before the scheduled appearance is less than 7 days: if you are hearing or voice impaired, call 711.
Committee Note
2013 Amendment.. The notice to persons with disabilities was amended to comply with amendments to Fla. R. Jud, Admin. 2.540.
*655 (b) For Issuance by Attorney of Record.
SUBPOENA
THE STATE OF FLORIDA:
TO.:
YOU ARE COMMANDED to appear before the Honorable.^ Judge of the Court, at the.County Courthouse in., Florida, on (date) , at m., to testify in this action. If you fail to appear, you may be in contempt of court.
You arc subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.
DATED on.
(Name of Attorney)
For the Court
Attorney for
Address
Florida Bar No.
Any minor subpoenaed for testimony shall have the right to be accompanied by a parent or guardian at all times during the taking of testimony notwithstanding the invocation of the rale of sequestration of section 90.616, Florida Statutes, except upon a showing that the presence of a parent or guardian is likely to have a material, negative impact on the credibility or accuracy of the minor’s testimony, or that the interests oflhe parent or guardian are in actual or potential conflict with the interests of the minor.
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [identify applicable court personnel byname, address, and telephone number] within 3 woi'ldng days of voiHMceeiDt-of-this-subpocnnat least 7 days before your scheduled court appearance, or immediately upon receiving tills notification if the time before the scheduled appearance is less than 7 days: if you are hearing or voice impaired, call 711.
Committee Notes
1996 Amendment. Form (b) was added to comply with amendments to rale 1.410.
*656 2013 Amendment. The notice to persons with disabilities was amended to comply with amendments to Fla. R. Jud. Admin. 2.540.
*657 FORM 1.911. SUBPOENA DUCES TECUM FOR TRIAL
(a) For Issuance by Clerk.
SUBPOENA DUCES TECUM
THE STATE OF FLORIDA:
TO.:
Y OU ARE COMMANDED to appear before the Honorable., Judge of the Court, at the.County Courthouse in., Florida, on.(date)., at.m., to testify in this action and to have with you at that time and place the following:. If you fail to appear, you may be in contempt of court.
You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.
DATED on
(Name of Clerk)
As Clerk of the Court
By_
As Deputy Clerk
Attorney for
Address
Florida Bar No.
Any minor subpoenaed for testimony shall have the right to be accompanied by a parent or guardian at all times during the taking of testimony notwithstanding the invocation of the rule of sequestration of section 90.616, Florida Statutes, except upon a showing that the presence of a parent or guardian is likely to have a material, negative impact on the credibility or accuracy of the minor’s testimony, or that the interests of the parent or guardian are in actual or potential conflict with the interests of the minor.
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [identify applicable court personnel by name, address, and telephone number] within 2 working dnvs of your reecipt-efthis-subpocnaat least 7 days before your scheduler! court appearance, or immediately upon receiving this notification if *658 the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.
Committee Note
2013 Amendment. The notice to persons with disabilities was amended to comply with amendments to Fla. R. Jud. Admin. 2.540.
*659 (b) For Issuance by Attorney of Record.
SUBPOENA DUCES TECUM
THE STATE OF FLORIDA:
TO.:
YOU ARE COMMANDED to appear before the Honorable., Judge of the Court, at the.County Courthouse in., Florida, on.(date)., at.m., to testify in this action and to have with you at that time and place the following:. If you fail to appeal, you may be in contempt of court.
You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.
DATED on.
(Name of Attorney)
For the Court
Attorney for
Address
Florida Bar No.
Any minor subpoenaed for testimony shall have the right to be accompanied by a parent or guardian at all times during the taking of testimony notwithstanding the invocation of the rule of sequestration of section 90.616, Florida Statutes, except upon a showing that the presence of a parent or guardian is likely to have a material, negative impact on the credibility or accuracy of the minor’s testimony, or that the interests of the parent or guardian are in actual or potential conflict with the interests of the minor.
If you arc a person with a disability who needs any accommodation in order to participate in this proceeding, yon are entitled, at no cost to you, to the provision of certain assistance. Please contact [identify applicable court personnel by name, address, and telephone number] wkliiii-2-worldng-dnvs of your receipt of this subnoennat least 7 days before vonr scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days: if you are hearing or voice impaired, call 711.
Committee Notes
1996 Amendment. Form (b) was added to comply with amendments to rule 1.410.
*660 2013 Amendment. The notice to persons with disabilities was amended to comply with amendments to Fla. R. Jud. Admin. 2.540.
*661 FORM 1.912. SUBPOENA FOR DEPOSITION
(a) For Issuance by Oerk.
SUBPOENA FOR DEPOSITION
THE STATE OF FLORIDA
TO.:
YOU ARE COMMANDED to appear before a person authorized by law to take depositions at.in., Florida, on.(date)., at.m., for the taking of your deposition in this action. If you fail to appeal, you may be in contempt of court.
You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.
DATED on.
(Name of Clerk)
As Clerk of the Court
By_
As Deputy Clerk
Attorney for
Address
Florida Bar No.
Any minor subpoenaed for testimony shall have the right to be accompanied by a parent or guardian at all times during the taking of testimony notwithstanding the invocation of the rule of sequestration of section 90.616, Florida Statutes, except upon a showing that the presence of a parent or guardian is likely to have a material, negative impact on the credibility or accuracy of the minor’s testimony, or that the interests of the parent or guardian are in actual or potential conflict with the interests of the minor.
If you are a person with a disability who needs any accommodation in order to participate in this deposition, you may request sueh-assistance-bv-contactlngvou are entitled, at no cost to you, to the provision of certain assistance. Please contact [identify attorney or party taking deposition by name, address, and telephone number] within 2 workm-g-days-of-your-reccipt of this subpoenaat least 7 days before your scheduled deposition, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.
*662 Committee Note
2013 Amendment. The notice to persons with disabilities was amended to make the procedure for obtaining accommodation consistent with the procedure required in court proceedings.
*663 (b) For Issuance by Attorney of Record.
SUBPOENA FOR DEPOSITION
THE STATE OF FLORIDA:
TO.:
YOU ARE COMMANDED to appear before a person authorized by law to take depositions at.in., Florida, on.(dale)., at.m., for the taking of your deposition in this action. If you fail to appear, you may be in contempt of court.
You arc subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.
DATED on.
(Name of Attorney)
For the Court
Attorney for
Address
Florida Bar No.
Any minor subpoenaed for testimony shall have the right to be accompanied by a parent or guardian at all times during the taking of testimony notwithstanding the invocation of the rule ol'sequeslralion ofsection 90.616, Florida Statutes, except upon a showing that the presence of a parent or guardian is likely to have a material, negative impact on the credibility or accuracy of the minor’s testimony, or that the interests of the parent or guardian are in actual or potential conflict with the interests of the minor.
If you arc a person with a disability who needs any accommodation in order to participate in this deposition, yeM-HHtv-requost-sueh assistance by contnotingyou are entitled, at no cost to you, to the provision of certain assistance. Please contact [identify attorney or party taking the deposition by name, address, and telephone number] within 2 working dnvs of vour receipt of this subpoennat least 7 davs before your scheduled deposition, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 davs: if you arc healing or voice impaired, call 711.
Committee Notes
1996 Amendment. Form (b) was added to comply with amendments to rule 1.410.
*664 2013 Amendment. The notice to persons with disabilities was amended to make the procedure for obtaining accommodation consistent with the procedure required in court proceedings.
*665 FORM 1.913. SUBPOENA DUCES TECUM FOR DEPOSITION
(a) For Issuance by Clerk.
SUBPOENA DUCES TECUM FOR
THE STATE OF FLORIDA:
TO.:
YOU ARE COMMANDED to appear before a person authorized by law to take depositions at.in., Florida, on.(date)., at.m., for the taking of your deposition in this action and to have with you at that time and place the following: .If you fail to appear, you may be in contempt of court.
You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.
DATED on
(Name of Clerk)
As Clerk of the Court
By_
As Deputy Clerk
Attorney for
Address
Florida Bar No.
Any minor subpoenaed for testimony shall have the right to be accompanied by a parent or guardian at all times during the taking of testimony notwithstanding the invocation of the rule of sequestration of section 90.616, Florida Statutes, except upon a showing that the presence of a parent or guardian is likely to have a material, negative impact on the credibility or accuracy of the minor’s testimony, or that the interests of the parent or guardian are in actual or potential conflict with the interests of the minor.
If you are a person with a disability who needs any accommodation in order to participate in this deposition-, yon may request such nssistnnco-bv-contactingyou are *666 entitled, at no cost to you, to the provision of certain assistance. Please contact [identify attorney or party taking the deposition by name, address, and telephone number] within-2 working dnvs-of-veur receipt of thissubpoennat least 7 days before vour scheduled deposition, or immediately unon receiving this notification if the time before the scheduled deposition is less than 7 days: if you are hearing or voice impaired, call 711.
Committee Note
2013 Amendment. The notice to persons wilh disabilities was ¡unended to make the procedure for obtaining accommodation consistent with the procedure required ill court proceedings.
*667 (li) For Issuance by Attorney of Record.
SUBPOENA DUCES TECUM FOR DEPOSITION
THE STATE OF FLORIDA:
TO.:
YOU ARE COMMANDED to appear before a person authorized by law to take depositions at.in., Florida, on.(date)., at.m., for the taking of your deposition in this action and to have with you at that time and place the following: .If you fail to appear, you may be in contempt of court.
You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.
DATED on.
(Name of Attorney)
For the Court
Attorney for
Address
Florida Bar No.
Any minor subpoenaed for testimony shall have the right to be accompanied by a parent or guardian at all times during the taking of testimony notwithstanding the invocation of the rule of sequestration of section 90.616, Florida Statutes, except upon a showing that the presence of a parent or guardian is likely to have a material, negative impact on the credibility or accuracy of the minor’s testimony, or that the interests of the parent or guardian are in actual or potential conflict with the interests of the minor.
If you are a person with a disability who needs any accommodation in order to participate in this deposition, you may request-such-nssistnncc by contactingvou are entitled, at no cost to you, to the provision of certain assistance. Please contact [identify attorney or party taking the deposition by name, address, and telephone number] within 2 working-days of your rcccipt-of-this-subpocnnat least 7 davs before your scheduled deposition, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 davs: if you are healing or voice impaired, call 711.
*668 Committee Notes
1996 Amendment. Form (b) was added to comply with amendments to rule 1.410.
2013 Amendment. The notice to persons with disabilities was amended to make the procedure for obtaining accommodation consistent with the procedure required in court proceedings.
*669 FORM 1.922. SUBPOENA DUCES TECUM WITHOUT DEPOSITION
(a) When Witness lias Option to Furnish Records Instead of Attending Deposition; Issuance by Clerk.
SUBPOENA DUCES TECUM
THE STATE OF FLORIDA:
TO.:
YOU ARE COMMANDED to appear at.in., Florida, on .(date)., at.in., and to have with you at that time and place the following:.
These items will be inspected and may be copied at that time. You will not be required to surrender the original items. You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production. You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation. You may mail or deliver the copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance at the time and place specified above. You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena. THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.
If you fail to:
(1) appear as specified; or
(2) furnish the records instead of appearing as provided above; or
(3) object to this subpoena,
you may be in contempt of court. You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney or the court, you shall respond to this subpoena as directed.
DATED on.
(Name of Clerk)
As Clerk of the Court
By_
As Deputy Clerk
Attorney for
*670 Address
Florida Bar No.
If you are a person with a disability who needs any accommodation in older to respond to this subpoena, vou-mav-request-such assistance hv contaetingvou are entitled, at no cost to you, to the provision of certain assistance. Please contact [identify attorney or party taking the deposition by name, address, and telephone number] within 2 working days of-vour rocoint-of this subnoonnat least 7 days before vour scheduled appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days: if you are healing or voice impaired, call 711.
Committee Note
2013 Amendment. The notice to persons with disabilities was amended to make the procedure for obtaining accommodation consistent with the procedure required in court proceedings.
*671 (b) When Witness Must Appear and Produce the Records; Issuance by Clerk.
SUBPOENA DUCES TECUM
THE STATE OF FLORIDA:
TO:.:
YOU ARE COMMANDED to appear at.in., Florida, on .(date)., at.m., and to have with you at that time and place the following:.
These items will be inspected and may be copied at that time. You will not be required to surrender the original items. You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena. THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.
If you fail to:
(1) appear or furnish the records at the time and place specified instead of appearing; or
(2) object to this subpoena,
you may be in contempt of court. You arc subpoenaed by the attorney whose name appears on this subpoena, and unless excused from this subpoena by the attorney or the court, you shall respond to this subpoena as directed.
DATED on.
(Name of Clerk)
As Clerk of the Court
By_
As Deputy Clerk
Attorney for
Address
Florida Bar No.
If you arc a person with a disability who needs any accommodation in order respond to this subpoena, you may request such-nssistonce bveontaetingvou are entitled, at no cost to you, to the provision of certain assistance. Please contact [identify attorney or party taking the deposition by name, address, and telephone number] within-2 working days of your I’ccciot-oi-this siubnoennat least 7 days before vour scheduled appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days: if you arc hearing or voice impaired, call 711.
*672 Committee Note
2013 Amendment. The notice to persons with disabilities was amended to make the procedure for obtaining accommodation consistent with the procedure required in court proceedings.
*673 (c) When Witness Has Option to Furnish Records Instead of Attending Deposition; Issuance by Attorney of Record.
SUBPOENA DUCES TECUM
THE STATE OF FLORIDA:
TO.:
YOU ARE COMMANDED to appear at.in., Florida, on .(date)., at.m., and to have with you at that time and place the following:.
These items will be inspected and may be copied at that time. You will not be required to surrender the original items. You may comply with this subpoena by providing legible copies of the items to be produced to the attorney whose name appears on this subpoena on or before the scheduled date of production. You may condition the preparation of the copies upon the payment in advance of the reasonable cost of preparation. You may mail or deliver the copies to the attorney whose name appears on this subpoena and thereby eliminate your appearance at the time and place specified above. You have the right to object to the production pursuant to this subpoena at any time before production by giving written notice to the attorney whose name appears on this subpoena. THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.
If you fail to:
(1) appear as specified; or
(2) furnish the records instead of appealing as provided above; or
(3) object to this subpoena,
you may be in contempt of court. You are subpoenaed to appear by the following attorney, and unless excused from this subpoena by this attorney' or the court, you shall respond to this subpoena as directed.
DATED on.
(Name of Attorney)
For the Court
Attorney for
Address
Florida Bar No.
If you are a person with a disability who needs any accommodation in order to respond to tills subpoena, you may reaucst-sueh-nssistnncc-bv-contnctfaigvou are entitled, at *674 no cost to you, to the provision of certain assistance. Please contact [identify attorney or party taking the deposition by name, address, and telephone number] within 2'working days of vour receipt of this snbnocnaat least 7 days before vour scheduled appearance, or immediately unon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are healing or voice impaired, call 711.
Committee Note
2013 Amendment. The notice to persons with disabilities was amended to make the procedure for obtaining accommodation consistent with the procedure required in court proceedings.
*675 (d) When Witness Must Appear and Produce the Records; Issuance by Attorney of Record.
THE STATE OF FLORIDA:
TO.:
YOU ARE COMMANDED to appear at.in..., Florida, on .(date) , at.m., and to have with you at that time and place the following:.
These items will be inspected and may be copied at that time. You will not be required to surrender the original items. You have the right to object to the production pursuant to this subpoena at anytime before production by giving written notice to the attorney whose name appears on this subpoena. THIS WILL NOT BE A DEPOSITION. NO TESTIMONY WILL BE TAKEN.
If you fail to:
(1) appear or furnish the records at the time and place specified instead of appearing; or
(2) object to this subpoena,
you may be in contempt of court. You are subpoenaed by the attorney whose name appears ou this subpoena, and unless excused from this subpoena by the attorney or the court, you shall respond to this subpoena as directed.
DATED on.
(Name of Attorney)
For the Court
Attorney for
Address
Florida Bar No.
If you are a person with a disability who needs any accommodation in order to respond to this subpoena, you may-request such nssistancc-by-contnctingyou are entitled, at no cost to von, to the provision of certain assistance. Please contact [identify attorney or party taking the deposition by name, address, and telephone number] within-2-working days of your reeeipt-of-this subpoennat least 7 days before vour scheduled appearance, or immediately upon receiving this notification if the time before the scheduled annearance is less than 7 days; if you are hearing or voice impaired, call 711.
NOTE: These forms are to be used for production of documents under rule 1.351. Form (a) is used when the person having the records may furnish copies to the attorney requesting the subpoena instead of appearing at the time and place specified in the subpoena and the subpoena *676 is to be issued by the clerk. Form (b) is used when the records must be produced at the time and place specified in the subpoena and the subpoena is to be issued by the clerk. Fomr (c) is used when the person having the records may furnish copies to the attorney requesting the subpoena instead of appearing at the time and place specified in the subpoena and the subpoena is to be issued by an attorney of record. Form (d) is used when the records must be produced at the time and place specified in the subpoena and the subpoena is to be issued by an attorney of record.
Committee Notes
1980 Adoption. This form is new.
1996 Amendment. Forms (a) and (b) were amended and forms (c) and (d) were added to comply with amendments to rules 1.351 and 1.410.
2013 Amendment. The notice to persons with disabilities was amended to make the procedure for obtaining accommodation consistent with the procedure required in court proceedings.
*677 FORM 1.977. FACT INFORMATION SHEET
(a) For Individuals.
(CAPTION)
FACT INFORMATION SHEET
Full Legal Name:_
Nicknames or Aliases:_
Residence Address:_
Mailing Address (if different): __
Telephone Numbers: (Home)_
(Business)_
Name of Employer:_
Address of Employer:_
Position or Job Description:_
Rate of Pay: $_per_. Average Paycheck: $_per_
Average Commissions or Bonuses: $_per_
Commissions or bonuses are based on_
Other Personal Income: $_from_
(Explain details on the back of this sheet or an additional sheet if necessary.)
Social Security Number:_Birthdate:_
Driver’s License Number:_
Marital Status:_Spouse’s Name:_
[[Image here]]

Spouse Related Portion

Spouse’s Address (if different):_
Spouse’s Social Security Number:_Birthdate:___
Spouse’s Employer:_
Spouse’s Average Paycheck or Income: $_per_
Other Family Income: $_per_
(Explain details on back of this sheet or an additional sheet if necessary.)
Describe all other accounts or investments you may have, including stocks, mutual funds, savings bonds, or annuities, on the back of this sheet or on an additional sheet if necessary.
[[Image here]]
Names and Ages of All Your Children (and addresses if not living with you):_
Child Support or Alimony Paid: $_per_
Names of Others You Live With:_
Who is Head of Your Household?_You_Spouse _Other Person
Checking Account at:_Account #_' -
Savings Account at:_Account #_
For Real Estate (land) You Own or Are Buying:
*678 Address: .. ____ . ____
All Names on Title: ____
Mortgage Owed to: _ _ . ..
Balance Owed: __
Monthly Payment: S___
(Attach a copy of the deed or mortgage, or list the legal description of the property on the back of this sheet or an additional sheet if necessary'. Also provide the same information on any other property you own or are buying.)
For All Motor Vehicles You Own or Are Buying:
Year/Malce/Model:_Color:_ Vehicle ID No. Tag No: Mileage:
Names on Title__ Present Value: S
Loan Owed to: ____
Balance on Loan: $ _ .. . __
Monthly Payment: S_.
(List all other automobiles, as well as other vehicles, such as boats, motorcycles, bicycles, or aircraft, on the back of this sheet or an additional sheet if necessary.)
Have you given, sold, loaned, or transferred any real or personal property worth more than S100 to any person in the last year? If your answer is “yes,” describe the property, market value, and sale price, and give the name and address of the person who received the property'.
Does anyone owe you money? Amount Owed: $_
Name and Address of Person Owing Money:_
Reason money is owed: .. .
Please attach copies of the following:
a. Your last pay stub.
b. Your last 3 statements for each bank, savings, credit union, or other financial account.
c. Your motor vehicle registrations and titles.
d. Any deeds or titles to any real or personal property you own or are buying, or leases to property you are renting.
c. Your financial statements, loan applications, or lists of assets and liabilities submitted to any person or entity within the last 3 years, f. Your last 2 income tax returns filed.
UNDER PENALTY OF PERJURY, I SWEAR OR AFFIRM THAT THE FOREGOING ANSWERS ARE TRUE AND COMPLETE.
Judgment Debtor
STATE OF FLORIDA
COUNTY OF.
*679 The foregoing instrument was acknowledged before me this. day-of-:-.-:., (year.), by ., who is personally known to mo or has produced.no identification and ■who — ;did/did not.take an oath.
■W'ITNESS"my-hand-aiid'OjBíoial-Heolj''thÍD':::'::'day of..,.(yonr).
Sworn to Cor affirmed) and subscribed before me this day of (year)._by (name of person making statement)
Notary Public Slate of Florida
My Commission expires:.
Personally known OF Produced Identification
Tvne of identification produced
-TfflWLDGME-NL-DE-BTOR SHALL FILE WITH THE CLERK-QF--THE COURT A NQTIGE-QF-GOMPLIANCE AFTER THE ORIGINAL FACT-INFORMATION SHEET, -TOGETHER — WLT-H--ALL -ATTACHMENTS, HAS BEEN DELIVERED TO THE JUDGMENT — GREDI-T-QR^S-AT-TORNEY, OR TO THE JUDGMEN-T-GREDITOR IF -THE JUDGMENT CREDITOR IS NOT REPRESEN-TEB-BY-ANATTORNEY. YOU MUST MAIL OR DELIVER THIS COMPLETED FORM. WITH ALL ATTACHMENTS. TO THE JUDGMENT CREDITOR OR THE JUDGMENT CREDITOR’S ATTORNEY. BUT DO NOT FILE THIS FORM WITH THE CLERK OF THE COURT.
(b) For Corporations and Other Business Entities.
(CAPTION)
FACT INFORMATION SHEET
Name of entity:_
Name and title of person filling out this form:_
Telephone number:_ _
Place of business:_
Mailing address (if different):'_
Gross/taxable income reported for federal income tax purposes last three years:
$_/$_ $_ /$_$_./$__
Taxpayer identification number:_
Is this entity an S corporation for federal income tax purposes?_Yes_No
Average number of employees per month_
Name of each shareholder, member, or partner owning 5% or more of the entity’s common stock, preferred stock, or other equity interest:
*680 Names of officers, directors, members, or partners:
Checking account at:_ Account #
Savings account at:_ Account #
Does the entity own any vehicles?_Yes
For each vehicle please state:
Year/Make/Model:_ Color:
Vehicle ID No: _Tag No:_Mileage:_
Names on Title:_Present Value: $_
Loan Owed to:_
Balance on Loan: $_ _
Monthly Payment: $_
Does the entity own any real property?_Yes_No
If yes, please state the address(es):_
Please check if the entity owns the following:
_Boat
_Camper
_Stocks/bonds
_Ollier real property
_Other personal property
Please attach copies of the following:
1. Copies of state and federal income tax returns for the past 3 years.
2. All bank, savings and loan, and other account books and statements for accounts in institutions in which the entity had any legal or equitable interest for the past 3 years.
3. AH canceled checks for the 12 months immediately preceding the service date of this Fact Information Sheet for accounts in which the entity held any legal or equitable interest.
4. All deeds, leases, mortgages, or other written instruments evidencing any interest in or ownership of real property at any time within the 12 months immediately preceding the date this lawsuit was filed.
5. Bills of sale or other written evidence of the gift, sale, purchase, or other transfer of any personal or real property to or from the entity within the 12 months immediately preceding the date this lawsuit was filed.
6. Motor vehicle or vessel documents, including titles and • registrations relating to any motor vehicles or vessels owned by the entity alone or with others.
7. Financial statements as to the entity’s assets, liabilities, and owner’s equity prepared within the 12 months immediately preceding the service date of this Fact Information Sheet.
8. Minutes of all meetings of the entity’s members, partners, shareholders, or board of directors held within 2 years of the service date of this Fact Information Sheet.
9. Resolutions of the entity’s members, partners, shareholders, or board of directors passed within 2 years of the service date of this Fact Information Sheet.
*681 UNDER PENALTY OF PERJURY, I SWEAR OR AFFIRM THAT THE FOREGOING ANSWERS ARE TRUE AND COMPLETE.
Judgment Debtor’s Designated
Representative/Title
STATE OF FLORIDA
COUNTY OF.
The foregoing instrument was acknowledged before me on-nrr:(dflte)r.-.';vby"..:., who is peraenaíly-laiown-to-me-or-has-produood-:-::-.-.-:::-.:-.;.-:::.... as identification-and-who-.-.-.-:-.-did/didnot. take an oath.
WHNESS-rn-yTriuid-itnd-offieial-seal7lliisv.-:::--day-of";v;v^:v:;.,.(year).
Sworn to (or affirmed! and subscribed before me this day of (year), by (name of nerson making statement!.
Notary Public State of Florida
My Commission expires:.
Personally known OR Produced identification
Type of identification produced
THE JUDGMENT DEBTOR SHALL FILE-WITH-THE-GLERK-QF-THE-CQURT A NOTICE OF. COMPLIANCE AFTER-T-H-E-QR-IGINAL-FAG-T-IN-FOR-MAT-IQN-S-II-EET, TOGETHER WITH'ALL ATTACHMENTS, HAS BEEN DELIVERE-B-T-Q-TOE-JU-DGMEN-T CREDITOR’S ATTORNE-A-OR-TQ-T'BE-JU'DGM-E-N-T-GREDITOR" IF-THE JUDGMENT CREDITOR I-S-NQT-REP-R-ES-EN'TED -BY-AN-ATTQRNE Y.'
YOU MUST MAIL OR DELIVER THIS COMPLETED FORM. WITH ALL ATTACHMENTS. TO THE PLAINTIFF JUDGMENT CREDITOR OR THE PLAINTIFF’S .JUDGMENT CREDITOR’S ATTORNEY. BUT DO NOT FILE THTS FORM WITH THE CLERK OF THE COURT.
Committee Notes
2000 Adoption. This form is added to comply with amendments to rule 1.560.
2013 Amendment. This amendment clarifies that the judgment debtor should mail or deliver the Fact Information Sheet only to the judgment creditor or the judgment creditor’s attorney, and should not file the Fact Information Sheet with the clerk of the court.
*682 FORM 1.981. SATISFACTION OF JUDGMENT
SATISFACTION OF JUDGMENT
The undersigned, the-owner and holder of that certaina final judgment rendered in the abovc-captioncd civil action, dated., recorded in.County, Official Records Book .beginning at Page., does-hereb-v-aclmowledg&acknowledges that all sums due under it have been fully paid and that final judgment is hereby satisfied and io- canceled and satisfied of record.
DATED on.
Judgment Owner and Holder (or their attorney)
STATE OF FLORIDA
COUNTY OF
The foregoing instrument was acknowledged before me this day of 20 by (name of person acknowledging).
(NOTARY SEAL1 (Signature of Notary Public-State of Florida!
(Name of Notary Typed, Printed, or Stamped!
Personally Known OR Produced Identification
Type of Identification Produced
Committee Notes
2003 Amendment. Uiis satisfaction of Judgment is a general form. It is a new form. To ensure identity of the signer, notarization is prudent but not required. If a certified copy of the judgment is recorded, it may be prudent to include that recording information.
2013 Amendment. This form has been changed to remove unnecessary language and to include the acknowledanent required bv sections 695.03 and 701.04, Florida Statutes.
*683 FORM 1.982. CONTEMPT NOTICE
MOTION AND NOTICE OF HEARING
TO: (name of attorney for party, or party if not represented)
YOU ARE NOTIFIED that plaintiff will apply to the Honorable., Circuit Judge, on.(date)., at.m., in the.County Courthouse at., Florida, for an order adjudging.(defendant’s name).in contempt of court for violation of the terms of the order or judgment entered by this court on.(date)., by failing to., and I certify that a copy hereof has been furnished to.by mail on.(date).
If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact [identify applicable court personnel by name, address, and telephone number] within 2 worlang-dnys-of your l’ceeipt-ol’this-contemnt. noticoat. least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before your scheduled appearance is less than 7 days: if you arc healing or voice impaired, call 711.
NOTE: The particular violation must be inserted in the motion and notice. A separate motion is unnecessary.
Committee Note
2013 Amendment. The notice to persons with disabilities was amended to make the procedure for obtaining accommodation consistent with the procedure required in court proceedings.
*684 FORM 1.997. CIVIL COVER SHEET
The civil cover sheet and the information contained hereinin it neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the plaintiff or petitioner for the use of the Clerk of Court for the puipose of reporting judicial workload data pursuant to Florida Statutes section 25.075. (See instructions for completion.)
I. CASE STYLE
(Name of Court)_
Plaintiff_ Case #:
_ Judge: _
Defendant
II. TYPE OF CASE (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x moil both the main category and subcategory beseslines.
b_Condominium
b_Contracts and indebtedness
e_Eminent domain
b Auto negligence
a_Negligence ■ other
b_Business governance
e_Business torts
b_Environmental/Toxic tort
b_Third party indemnification
B_Construction defect
b_Mass tort
e_Negligent security
a_Nursing home negligence
b_Premises liability — commercial
b_Premises liability — residential
b_Products liability
b_Real property/Mortgage foreclosure
b_Commercial foreclosure S0-$50,000
b_Commercial foreclosure S50,001-5249,999
b_Commercial foreclosure 5250,000 or more
e_Homestead residential foreclosure 50-550,000
b_Homestead residential foreclosure 550,001-5249,999
*685 e_Homestead residential foreclosure $250,000 or more
e_Nonhomestead residential foreclosure $0-$50,000
a_Nonhomestead residential foreclosure $50,001-8249,999
a_Nonhomestead residential foreclosure $250,000 or more
a_Other real property actions $0-$50,000
a_Other real property actions $50,001-8249,999
a_Other real property actions $250,000 or more
a_Professional malpractice
a_Malpractice- -business
a_Malpractice — medical
a_Malpractice- -other professional
a_Other
a_Anlilrust/Trade regulation
a_Business transactions
a_Constitutional challenge — statute or ordinance
a_Constitutional challenge — proposed amendment
a_Corporate trusts
a_Discrimination — employment or other
a_Insurance claims
a_Intellectual property
a_Libel/Slander
a_Shareholder derivative action
a_Securities litigation
a_Trade secrets
a_Trust litigation
III. REMEDIES SOUGHT (check all that apply):
a_Monetary;
a_Nonmonetary declaratory or injunctive relief;
a_Punitive
IV. NUMBER OF CAUSES OF ACTION: [ ]
(specify)_
V. IS THIS CASE A CLASS ACTION LAWSUIT?
a_yes
a_no
VI. HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?
a_no
a_yes If “yes,” list all related cases by name, case number, and court.
*686 VII IS JURY TRIAL DEMANDED IN COMPLAINT?
e_yes
e_no
I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.
Signature_Fla. Bar #_
Attorney or party (Bar # if attorney)
(type or print name) Date
*687 FORM 1.997. INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET
Plaintiff must file this cover sheet with first paperwork filed in the action or proceeding (except small claims cases or other county court cases, probate, or family cases). Domestic and juvenile cases should be accompanied by a completed Florida Family Law Rules of Procedure Fonn 12.928, Cover Sheet for Family Court Cases. Failure to file a civil cover sheet in any civil case other than those excepted above may result in sanctions.
I. Case Style. Enter the name of the court, the appropriate case number assigned at the time of filing of the original complaint or petition, the name of the judge assigned (if applicable), and the name (last, first, middle initial) of plaintiffs) and defendant(s).
II. Type of Case. Place an “X" iaon the appropriate beeline. If the cause fits more than one type of case, select the most definitive. If the most definitive label is a subcategory (indented under a broader category label), place an “X" iaon the category and subcategory boxeolincs. Definitions of the cases are provided below in the order they appear on the form.
(A) Condominium — all civil lawsuits pursuant to Chapter 718, Florida Statutes, in which a condominium association is a party.
(B) Contracts and indebtedness —all contract actions relating to promissory notes and other debts, including those arising from the sale of goods, but excluding contract disputes involving condominium associations.
(C) Eminent domain - all matters relating to the taking of private property for public use, including inverse condemnation by state agencies, political subdivisions, or public service corporations.
(D) Auto negligence — all matters arising out of a party's allegedly negligent operation of a motor vehicle.
(E) Negligence — oilier — all actions sounding in negligence, including statutory claims for relief on account of death or injury, that are not included in other main categories.
(F) Business governance — all matters relating to the management, administration, or control of a company.
(G) Business torts — all matters relating to liability for economic loss allegedly caused by interference with economic or business relationships.
(II) Environmental/Toxic tort — all matters relating to claims that violations of environmental regulatory provisions or exposure to a chemical caused injury or disease.
(I) Third party indemnification — all matters relating to liability transferred to a third party in a financial relationship.
(J) Construction defect — all civil lawsuits in which damage or injury was allegedly caused by defects in the construction of a structure.
(K) Mass tort — all matters relating to a civil action involving numerous plaintiffs against one or more defendants.
(L) Negligent security — all matters involving injury to a person or property allegedly resulting from insufficient security.
(M) Nursing home negligence — all matters involving injury to a nursing home resident resulting from negligence of nursing home staff or facilities.
*688 (N) Premises liability — commercial — all matters involving injury to a person or property allegedly resulting from a defect on the premises of a commercial property.
(O) Premises liability — residential — all matters involving injury to a person or property allegedly resulting from a defect on the premises of a residential property.
(P) Products liability — all matters involving injury to a pei-son or property allegedly resulting from the manufacture or sale of a defective product or from a failure to warn.
(Q) Real property/Mortgage foreclosure — all matters relating to the possession, title, or boundaries of real property. All matters involving foreclosures or sales of real property, including foreclosures associated with condominium associations or condominium units.
(R) Commercial foreclosure — all matters relating to the termination of a business owner's interest in commercial property by a lender to gain title or force a sale to satisfy the unpaid debt secured by the property. Check the category that includes the estimate of the amount in controversy of the claim (section 28.241, Florida Statutes).
(S) Homestead residential foreclosure — all matters relating to the termination of a residential property owner’s interest by a lender to gain title or force a sale to satisfy the unpaid debt secured by the property where the property has been granted a homestead exemption. Check the category that includes the estimate of the amount in controversy of the claim (section 28.241, Florida Statutes).
(T) Nonhomestead residential foreclosure —• all matters relating to the termination of a residential property owner’s interest by a lender to gain title or force a sale to satisfy the unpaid debt secured by the property where the property has not been granted a homestead exemption. Check the category that includes the estimate of the amount in controversy of the claim (section 28.241, Florida Statutes).
(U) Other real property actions — all matters relating to land, land improvements, or property rights not involving commercial or residential foreclosure. Check the category that includes the estimate of the amount in controversy of the claim (section 28.241, Florida Statutes).
(V) Professional malpractice — all professional malpractice lawsuits.
(W) Malpractice — business — all matters relating to a business's or business person's failure to exercise the degree of care and skill that someone in the same line of work would use under similar circumstances.
(X) Malpractice - - medical — all matters relating to a doctor's failure to exercise the degree of care and skill that a physician or surgeon of the same medical specialty would use under similar circumstances.
(Y) Malpractice — other professional — all matters relating to negligence of those other than medical or business professionals.
(Z) Other — all civil matters not included in other categories.
(AA) Antitrust/Trade regulation — all matters relating to unfair methods of competition or unfair or deceptive business acts or practices.
(AB) Business transactions — all matters relating to actions that affect financial or economic interests.
(AC) Constitutional challenge — statute or ordinance — a challenge to a statute or ordinance, citing a violation of the Florida Constitution.
(AD) Constitutional challenge — proposed amendment — a challenge to a legislatively initiated proposed constitutional amendment, but excluding challenges to a citizen-initiated proposed constitutional amendment because the Florida Supreme Court has direct jurisdiction of such challenges.
*689 (AE) Corporate trusts — all matters relating to the business activities of financial sendees companies or banks acting in a fiduciary capacity for investors.
(AF) Discrimination — employment or other — all matters relating to discrimination, including employment, sex, race, age, handicap, harassment, retaliation, or wages.
(AG) Insurance claims — all matters relating to claims filed with an insurance company.
(AH) Intellectual property — all matters relating to intangible rights protecting commercially valuable products of the human intellect.
(AI) Libel/Slander — all matters relating to written, visual, oral, or aural defamation of character.
(AJ) Shareholder derivative action — all matters relating to actions by a corporation's shareholders to protect and benefit all shareholders against corporate management for improper management.
(AK) Securities litigation — all matters relating to the financial interest or instruments of a company or corporation.
(AL) Trade secrets — all matters relating to a formula, process, device, or other business information that is kept confidential to maintain an advantage over competitors.
(AM) Trust litigation — all civil matters involving guardianships, estates, or trusts and not appropriately filed in probate proceedings.
III. Remedies Sought. Place an “X” iaon the appropriate beshne. If more than one remedy is sought in the complaint or petition, check all that apply.
IV. Number of Causes of Action. If the complaint or petition alleges more than one cause of action, note the number and the name of the cause of action.
V. Class Action. Place an “X" iaon the appropriate beeline.
VI. Related Cases. Place an “X" iaon the appropriate bowline.
VII. Is Jury Trial Demanded In Complaint? Check the appropriate bowline to indicate whether a jury trial is being demanded in the complaint
ATTORNEY OR PARTY SIGNATURE. Sign the civil cover sheet. Print legibly the name of the person signing the civil cover sheet. Attorneys must include a Florida Bar number. Insert the date the civil cover sheet is signed. Signature is a certification that the filer has provided accurate information on the civil cover sheet, and has read and complied with the requirements of Florida Rule of Judicial Administration 2.425,
*690 STATEWIDE UNIFORM GUIDELINES FOR TAXATION OF COSTS IN CIVIL ACTIONS
Purpose and Application. These guidelines are advisory only. The taxation of costs in any particular proceeding is within the broad discretion of the trial court. The trial court should exercise that discretion in a manner that is consistent with the policy of reducing the overa! I costs of litigation and of keeping such costs as low as justice will permit. With this goal in mind, the trial court should consider and reward utilization of innovative technologies by a party which subsequently minimizes costs and reduce the award when use of innovative technologies that were not used would have resulted in lowering costs, hi addition, these guidelines arc not intended to (1) limit the amount of costs recoverable under a contract or statute, or (2) prejudice the rights of any litigant objecting to an assessment of costs on the basis that the assessment is contrary to applicable substantive law.
Burden of Proof. Under these guidelines, it is the burden of the moving party to show that all requested costs were reasonably necessary either to defend or prosecute the case at the time the action precipitating the cost was taken.
I.Litigation Costs That Should He Taxed.
A. Depositions
1. The original and one copy of the deposition and court reporter’s per diem for all depositions.
2. The original and/or one copy of the electronic deposition and the cost of the services of a technician for electronic depositions used at trial.
3. Telephone toll and electronic conferencing charges for the conduct of telephone and electronic depositions.
B. Documents and Exhibits
1. 'Hie costs of copies of documents filed (in lieu of “actually cited") with the court, which are reasonably necessary to assist the court in reaching a conclusion.
2. The costs of copies obtained in discovery, even if the copies were not used at trial.
C. Expert Witnesses
1. A reasonable fee for deposition and/or trial testimony, and the costs of preparation of any court ordered report.
D. Witnesses
1. Costs of subpoena, witness fee, and service of witnesses for deposition and/or trial.
E. Court Reporting Costs Other than for Depositions
*691 I. Reasonable court, reporter’s per diem for the reporting of evidentiary hearings, trial and post-trial hearings.
F. Reasonable Charges Incurred for Requiring Special Magistrates, Guardians Ad Litem, and Attorneys Ad Litem
II. Litigation Costs That May Be Taxed as Costs.
A. Mediation Fees and Expenses
1. Costs and fees of mediator.
B. Reasonable Travel Expenses
1. Reasonable travel expenses of expert when traveling in excess of 100 miles from the expert’s principal place of business (not to include the expert’s lime).
2. Reasonable travel expenses of witnesses.
C. Electronic Discovery Expenses
1. The cost of producing conics of relevant electronic media in response to a discovery request
2. 'the cost of converting electronically stored information to a reasonably usable format in response to a discovery request that seeks production in such format.
III. Litigation Costs That Should Not Be Taxed as Costs.
A. The Cost of Long Distance Telephone Calls with Witnesses, both Expert and Non-Expert (including conferences concerning scheduling of depositions or requesting witnesses to attend trial)
B. Any Expenses Relating to Consulting But Non-Testifying Experts
C. Cost Incurred in Connection with Any Matter Which Was Not Reasonably Calculated to Lead to the Discovery of Admissible Evidence
D. Travel Time
1. Travel time of attomey(s).
2. Travel time of expert(s).
E. Travel Expenses of Attomey(s)
F. The Cost of Privilege Review of Documents, including Electronically Stored Information.

. See art. V, § 2(a), Fla. Const.