ORDER DISCHARGING ORDER TO SHOW CAUSE
PER CURIAM.
After Tracey Redd filed this petition for writ of certiorari seeking to quash the circuit court’s order awarding her attorney’s fees in an amount less than requested for her services as court-appointed co-counsel for a defendant in a capital murder case, see § 27.5304, Fla. Stat. (2013), this court issued an order to show cause why her petition should not be dismissed as untimely filed. We now discharge our order to show cause for the following reasons.
*1087 In Lee County case number 08-CF-14594, the circuit court entered an order appointing Ms. Redd as co-counsel for Robert Harold Dunn, an indigent criminal defendant charged with first-degree capital murder. The jury found Mr. Dunn guilty as charged, but his attorneys were successful in limiting the penalty to life imprisonment.
After entry of Mr. Dunn’s judgment and sentence, Ms. Redd submitted a bill for $162,820 to the Justice Administrative Commission (JAC). See § 27.5304(4)(a), (b)(1). The JAC filed a letter of objection to Ms. Redd’s bill, noting that an order from a circuit court judge was necessary to exceed the $15,000 statutory maximum on compensation for services by co-counsel in death penalty cases. See § 27.5304(5)(a)(4), (12)(d). Ms. Redd then filed a motion with the chief judge of the circuit court seeking an order approving payment of attorney’s fees in excess of the statutory maximum. See § 27.5304(12)(a).
After an evidentiary hearing, the circuit court filed an order on December 13, 2013, awarding Ms. Redd $118,000 in attorney’s fees. Section 27.5304(12)(b)(2) requires the court, after holding an evidentiary hearing, to “enter a written order detailing his or her findings and identifying the extraordinary nature of the time and efforts of the attorney in the case which warrant exceeding the flat fee established by [section 27.530.]” On December 23, 2013, Ms. Redd served a motion for reconsideration and clarification asking the court to rehear the matter and requesting another evidentiary hearing. On January 14, 2014, the circuit court denied the motion, noting that section 27.5304 “does not authorize a motion for reconsideration or rehearing of an order granting excess attorney fees.” On February 12, 2014, Ms. Redd filed this petition for writ of certiora-ri.
A petition for writ of certiorari must be filed within thirty days of rendition of the order to be reviewed. See Fla. R. App. P. 9.100(c)(1). “An order is rendered when a signed, written order is filed with the clerk of the lower tribunal.” Fla. R. App. P. 9.020(i). The filing of “an authorized and timely motion for new trial, for rehearing, for certification, [or] to alter or amend” tolls rendition of a final order “until the filing of a signed, written order disposing of all such motions between such parties.” Fla. R. App. P. 9.020(i)(l). In this ease, Ms. Redd filed her petition for writ of certiorari more than thirty days after the circuit court filed its order awarding attorney’s fees. Therefore, Ms. Redd’s petition for writ of certiorari is timely only if her motion for rehearing was authorized and timely so as to toll final rendition of the order awarding her attorney’s fees until the circuit court filed its order denying her motion for rehearing. We hold that Ms. Redd’s petition is timely because section 27.5304 constitutes a special statutory proceeding governed by the civil rather than criminal rules of procedure.
A motion filed pursuant to section 27.5304(12) is not an act of the State initiating prosecution against a criminal defendant. See Saucer v. State, 779 So.2d 261, 262 (Fla.2001) (“[P]erhaps the only true criminal proceeding is the one the State initiates against a defendant charging her with committing a criminal act.” (footnote omitted)). Rather, the court-appointed attorney must wait until final disposition of the defendant’s judgment and sentence to initiate the process to recover attorney’s fees, see § 27.5304(4)(a), and may only seek an award in excess of the statutory maximum by filing a motion with the chief judge of the circuit court. See § 27.5304(12)(a).
*1088 Thus, although such a motion arises from counsel’s representation of an indigent criminal defendant, it initiates a special statutory proceeding governed by the Florida Rules of Civil Procedure. See Fla. R. Civ. P. 1.010 (“These rules apply to all actions of a civil nature and all special statutory proceedings in the circuit courts and county courts except those to which the Florida Probate Rules, the Florida Family Law Rules of Procedure, or the Small Claims Rules apply.”); see also Fla. R. Civ. P. 1.010 cmt. (“Criminal proceedings are the only ones clearly excluded from the coverage of the [Florida Rules of Civil Procedure].”).
As part of a special statutory proceeding governed by the Florida Rules of Civil Procedure, a motion for rehearing of an order entered pursuant to section 27.5304(12)(b)(2) awarding attorney fees is authorized if timely served. Although the circuit court noted that section 27.5304 does not explicitly authorize motions for rehearing of final orders awarding attorney fees, it is of equal significance that section 27.5304 does not specifically prohibit motions for rehearing. Florida Rule of Civil Procedure 1.010 provides that “[t]he form, content, procedure, and time for pleading in all special statutory proceedings shall be as prescribed by the statutes governing the proceeding unless these rules specifically provide to the contrary.” Therefore, a motion for rehearing of the order awarding attorney fees is authorized if served not later than ten days after the fifing of that order. See Fla. R. Civ. P. 1.530(a), (b).[1]
In this case, the circuit court filed its order awarding fees on December 13, 2013. Ms. Redd timely served her motion for rehearing on December 23, 2013. Final rendition of the order awarding attorney’s fees occurred when the circuit court filed its order denying her motion for rehearing on January 14, 2014. Accordingly, Ms. Redd timely filed her petition for writ of certiorari on February 12, 2014.
We note that Ms. Redd’s decision to file a petition for writ of certiorari instead of a notice of appeal is fully supported by the case law. See Sheppard & White, P.A. v. City of Jacksonville, 827 So.2d 925, 928 n. 3 (Fla.2002). The case law, however, evolved prior to the enactment of section 27.5304. See § 27.5304, Fla. Stat. (2004), added by ch. 2003-402, § 20, at 3670-71, Laws of Fla. (effective July 1, 2004); see also ch. 2003-402, § 153, at 3762, Laws of Fla. (effective July 1, 2004) (repealing sections 925.035-.037). The predecessors to section 27.5304 also permitted compensation in excess of the statutory máximums provided by section 925.036, Florida Statutes (2003), but merely required “a finding by a circuit court that the criminal case involved extraordinary circumstances such that the fee limits were inapplicable as a matter of law,” § 925.037(1), Fla. Stat. (2003), without establishing any extensive procedure for obtaining such a finding from the circuit court. Additionally, the counties were responsible for paying compensation to the court-appointed attorney, see § 925.035(6), Fla. Stat. (2003), while the JAC merely distributed funds for this purpose to the counties each fiscal year. See § 925.037(2). Under subsection (12) of the current statute, the motion filed with the chief judge effectively creates a separate statutory proceeding between the attorney and JAC, as the style of this case reflects, which ultimately results in the *1089 JAC directly compensating the attorney rather than the county. See § 27.5304(1), (12)(f)(l)-(2), Fla. Stat. (2013).
In this case, the clerk of the circuit court docketed Ms. Redd’s section 27.5304(12) motion on the docket in Lee County Case number 08-CF-14594, which is the underlying criminal case in which she represented Mr. Robert Dunn. In the absence of alternative rules of procedure, that docketing makes sense, but the legal claim to be resolved exists between Ms. Redd and JAC. Mr. Dunn would seem to have no interest in this proceeding. Thus, although we do not hold at this time that the proceeding should be treated as a direct appeal of the final order between these parties, we recognize that logically that may now be the correct procedure.
Based on the foregoing, this court’s order to show cause is discharged. The respondent shall serve a response to the petition for writ of certiorari within twenty days of the date of this order. The petitioner may serve a reply within twenty days thereafter.
ALTENBERND, CASANUEVA, and SILBERMAN, JJ., Concur.

. When the circuit court filed its order awarding fees on December 13, 2013, Ms. Redd had 10 days to timely serve her motion for rehearing under the then-current version of Florida Rule of Civil Procedure 1.530(b). We note that the current version of rule 1.530(b) now provides 15 days for service of a motion for rehearing. See In re Amend. Fla. Rules Civ. Pro., 131 So.3d 643, 651 (Fla.2013).