NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TRACEY REDD,                            )
                                        )
                Petitioner,             )
                                        )
v.                                      )      Case No:  2D14-687
                                        )
JUSTICE ADMINISTRATIVE                  )
COMMISSION,                             )
                                        )
                Respondent.             )
                                        )
_____)

Opinion filed January 7, 2015.

Petition for Writ of Certiorari to the Circuit
Court for Lee County; Edward J. Volz, Jr.,
Judge.

Terry E. Roberts of Law Office of Terry E.
Roberts, Tallahassee, for Petitioner.

Ana Cristina Martinez, General Counsel,
and Christian D. Lake, Assistant General
Counsel, Tallahassee, for Respondent.


WALLACE, Judge.

                Tracey Redd, who was appointed and served as co-counsel in a capital

murder case, petitions this court for a writ of certiorari quashing, in part, an order from

the circuit court that granted in part and denied in part her motion for compensation in

excess of the established flat rate.  Because the circuit court denied a substantial

portion of the requested compensation as duplicative of the efforts of lead counsel without an adequate explanation and without affording Ms. Redd a full and fair opportunity to be heard on the matter, we grant the petition.[1]

## I. THE FACTUAL AND PROCEDURAL BACKGROUND

Ms. Redd was appointed co-counsel in a first-degree murder trial. The trial, which took place in late 2012 and received national attention, ended when the jury found the defendant guilty of first-degree murder, armed burglary, and child abuse. Although the State sought the death penalty, the court, following the recommendation of the jury, sentenced the defendant to life in prison without the possibility of parole.

Ms. Redd devoted approximately 1628.2 hours to the defense of her client. In the statement itemizing her services, Ms. Redd requested compensation at the rate of $100 per hour for a total of $162,820.00. She also sought reimbursement for expenses. The Justice Administrative Commission (the JAC) initially objected to the request on the grounds that the fees requested exceeded the statutory flat fee limit of $15,000 set forth in section 27.5304, Florida Statutes (2012), and that certain costs requested were not reimbursable. The JAC further advised Ms. Redd that in order to exceed the $15,000 cap, she needed to obtain an order from the circuit court in accordance with section 27.5304(12)(b). Also, based on its detailed review of Ms.

---

[1]"A writ of certiorari is the proper vehicle for challenging an award of attorney's fees to court-appointed counsel." Sheppard & White, P.A. v. City of Jacksonville, 827 So. 2d 925, 928 n.3 (Fla. 2002). But see Redd v. Justice Admin. Comm'n, 140 So. 3d 1085, 1088-89 (Fla. 2d DCA 2014) (noting that section 27.5304, enacted in 2004, created "a separate statutory proceeding between the attorney and JAC . . . which ultimately results in the JAC directly compensating the attorney rather than the county" and concluding that it may be more appropriate to treat this type of proceeding as a direct appeal from a final order than as a petition for writ of certiorari).

Redd's bill, the JAC specifically objected to $1300 (13 hours) of the fees claimed. The JAC suggested an adjusted billing amount of $161,520, subject to the circuit court's grant of Ms. Redd's motion for fees in excess of the statutory amount.

Ms. Redd filed her motion, and after an evidentiary hearing, the circuit court approved her request for compensation in excess of the statutory fee based upon its finding that she had proven "extraordinary and unusual efforts." The circuit court specifically found that compensation at 200% percent of the statutory flat fee would be confiscatory. However, the circuit court reduced Ms. Redd's compensation by $44,020 (440.2 hours) based on its finding that these hours represented "duplicate work," i.e., work for which she had billed that had also been billed by the lead counsel in the case. Accordingly, the circuit court awarded Ms. Redd a fee of $118,800 (1188 hours). Ms. Redd timely filed a motion for "reconsideration/clarification and request for an evidentiary hearing." The circuit court treated this motion as a motion for rehearing and denied it without a hearing.

## II. THE APPLICABLE LAW

In considering an award of fees to appointed counsel in excess of the flat fee established by law we look to section 27.5304(12). This subsection of the statute provides, in pertinent part, as follows:

> If the chief judge or a single designee finds that counsel has proved by competent and substantial evidence that the case required extraordinary and unusual efforts, the chief judge or single designee shall order the compensation to be paid to the attorney at a percentage above the flat fee rate, depending on the extent of the unusual and extraordinary effort required. The percentage must be only the rate necessary to ensure that the fees paid are not confiscatory under common law. The percentage may not

exceed 200 percent of the established flat fee, absent a specific finding that 200 percent of the flat fee in the case would be confiscatory. If the chief judge or single designee determines that 200 percent of the flat fee would be confiscatory, he or she shall order the amount of compensation using an hourly rate not to exceed $75 per hour for a noncapital case and $100 per hour for a capital case. However, the compensation calculated by using the hourly rate shall be only that amount necessary to ensure that the total fees paid are not confiscatory.

§ 27.5304(12)(d).

There is no doubt that Ms. Redd devoted substantial time and effort to the representation of her client in a very difficult matter. Her efforts, combined with the efforts of lead counsel, were successful when the jury returned a recommended life sentence despite the State's strong advocacy for a recommended sentence of death. Undoubtedly, Ms. Redd was entitled to compensation in excess of the flat fee of $15,000, and payment of 200% of the flat fee amount would be confiscatory. It follows that the circuit court's decision to grant Ms. Redd's motion and to pay Ms. Redd at the $100 hourly rate was clearly justified. See Makemson v. Martin Cnty., 491 So. 2d 1109, 1115 (Fla. 1986) ("[I]t is within the inherent power of Florida's trial courts to allow, in extraordinary and unusual cases, departure from the statute's fee guidelines when necessary in order to ensure that an attorney who has served the public by defending the accused is not compensated in an amount which is confiscatory of his or her time, energy and talents."). We turn now to a consideration of this case and the circuit court's order.

### III. DISCUSSION

By way of background, we note that the circuit court characterized many of the hours billed by Ms. Redd as duplicative of the hours billed by the lead defense

counsel ("[I]t is inappropriate for lead counsel and co-counsel to bill for duplicate work, rather than dividing the representation."). However, the presence of both lead counsel and co-counsel at a witness interview, a deposition, a hearing, or a trial day is not necessarily indicative of duplicative work for which there should be only a single billing. Granted, there may be individual instances in a lengthy and complicated matter such as this one for which the presence of both counsel is unnecessary. But in this case, as the circuit court itself noted, "the factual and legal issues involved in this case were complex." The issues included such matters as the defendant's mental health evidence that had to be presented by witnesses who were minors at the time of the offenses. There were motions to re-depose certain witnesses. Pretrial efforts included "approximately 50 depositions" and resulted in "about 1400 pages of discovery, and approximately two dozen CDs and DVDs."

The circuit court also noted that the defendant was an extremely difficult client "who tried to pit the attorneys against each other, and who filed numerous Nelson[2] and Faretta[3] motions." Furthermore, at the hearing on Ms. Redd's motion, her lead counsel described the jury selection process as "the longest jury selection in Lee County's history . . . . We went through eight hundred jurors to empanel a jury of twelve." Lead counsel also noted that there was extensive preparation for mitigation in the penalty phase, including planning for the testimony of four or five expert witnesses. In short, this was a long, arduous, exhausting, and complex trial; this is precisely the type of case in which the appointment of co-counsel is not only justified but is essential.

[2]Nelson v. State, 274 So. 2d 256 (Fla. 4th DCA 1973).

[3]Faretta v. California, 422 U.S. 806 (1975).

- 5 -

See Armstrong v. State, 642 So. 2d 730, 737 (Fla. 1994) ("Appointment of multiple counsel to represent an indigent defendant is within the discretion of the trial judge and is based on a determination of the complexity of a given case and the attorney's effectiveness therein."), cert. denied, 514 U.S. 1085 (1995). Under these circumstances, we disagree with the circuit court's apparent assumption that co-counsel's participation with lead counsel during pretrial proceedings and trial preparation necessarily amounts to an inappropriate duplication of effort. Indeed, co-counsel might well have been remiss in her duty to represent her client if she did not participate in the pretrial proceedings, preparation for trial, and related matters as might be appropriate.[4]

With this background in mind, we conclude that the circuit court's order departs from the essential requirements of the law for two reasons. First, although the circuit court stated in its order that it had "carefully reviewed" the billing statements of Ms. Redd and her lead counsel, it failed to identify the specific charges in Ms. Redd's billing statement that it found objectionable. Our review of the documents provided by the parties in their appendices suggests that the circuit court may have disallowed the hours billed for pretrial activities attended by both the lead counsel and co-counsel. However, all of the hours expended at depositions (including related travel), time spent

---

[4]We are informed that the State assigned two of its assistant state attorneys to handle the prosecution of the defendant. With far greater resources than the defense at its command, the State was also able to call upon such additional help as might be necessary. Quite properly, no one second-guesses how the State chose to deploy its resources in this important and complex matter. For this and other reasons, the adoption of an arbitrary rule that would limit the defense to one attorney per pretrial event—without regard to the pertinent circumstances—would be inherently unfair to the defendant.

with mental health experts, and interviews with potential witnesses do not total 440.2 hours. We can only speculate that the trial court also found objectionable some of the hours billed during the actual trial, perhaps including, in part, Ms. Redd's participation in jury selection, the guilt phase and penalty phase of the trial, and sentencing. Notably, there was no evidence introduced at the hearing that would support such a reduction. Moreover, with the exception of about $1300 (about 13 hours), the JAC did not object to the hours claimed. The order does not explain how the circuit court arrived at the amount of the hours for which it disallowed Ms. Redd any compensation. In addition, we are unable to determine from the trial court's order or the record the hours or activities for which compensation was disallowed or the reason for the disallowance.[5] The trial court's decision to reduce Ms. Redd's compensation without an adequate explanation is a departure from the essential requirements of law. See Watts v. Justice Admin. Comm'n, 135 So. 3d 357, 358 (Fla. 2d DCA 2013).

Second, the reduction of the requested hours without an adequate explanation of why those hours were disallowed and without affording Ms. Redd a full and fair opportunity to be heard on this issue constitutes a denial of due process. As we said in Watts:

> We recognize that the trial court is not bound by the decision made by the JAC. See § 27.5304(3), Fla. Stat. (2012). It would not necessarily be a departure from the essential requirements of the law for the judge to reject a portion of the billing. Likewise, we do not believe that the judge is required to detail each and every item in the bill that he or she concludes to be excessive or unreasonable. But

[5]In its order denying Ms. Redd's motion for reconsideration/clarification and request for evidentiary hearing, the circuit court stated, in part, "that its order requires no clarification." Because we are unable to discern the basis for the circuit court's ruling, we respectfully disagree.

> when it is uncontested that any hourly award less than $75 would be confiscatory, the decision to reduce the billing from $20,752.50 to $15,000—a reduction of more than 25 percent—without any explanation would seem to be an arbitrary decision approaching a violation of due process.

Id. In this case, the circuit court determined that an hourly award of less than $100 would be confiscatory, yet without an adequate explanation or giving Ms. Redd an opportunity to address the reasons for the reduction in her compensation, reduced the hours for which she would be paid by twenty-seven percent.

Contrary to the circuit court's ruling in its order denying Ms. Redd's motion for reconsideration or clarification, "a motion for rehearing of an order entered pursuant to section 27.5304(12)(b)(2) awarding attorney fees is authorized if timely served." Redd v. Justice Admin. Comm'n, 140 So. 3d 1085, 1088 (Fla. 2d DCA 2014). The circuit court should have granted Ms. Redd's motion for reconsideration or clarification.

## IV. CONCLUSION

The order reducing the amount of compensation sought by Ms. Redd lacks an adequate explanation, is bereft of support in the record, and was entered in the absence of any objection from the JAC. For these reasons, the order departs from the essential requirements of the law. Accordingly, we grant the petition, quash the order to the extent that it disallowed Ms. Redd's compensation for the 440.2 hours in question, and remand for reconsideration of her motion for fees.

Petition granted; order quashed in part.


DAVIS, C.J., and SLEET, J., Concur.

- 8 -