# Supreme Court of Florida

————————

No. SC14-1507

————————

**IN RE:  AMENDMENTS TO THE FLORIDA FAMILY LAW RULES OF PROCEDURE.**

[January 22, 2015]

PER CURIAM.

This matter is before the Court for consideration of proposed new Florida Family Law Rule of Procedure 12.451 (Taking Testimony).  We have jurisdiction,[1] and adopt the new rule, as proposed by The Florida Bar's Family Law Rules Committee (Committee).

New Family Law Rule of Procedure 12.451 mirrors Florida Rule of Civil Procedure 1.451 (Taking Testimony), which "authorizes a court to permit testimony at a civil hearing or trial by audio or video communication equipment by agreement of the parties or for good cause shown on written request of a party and reasonable notice to all other parties."  See In re: Amends. to the Fla. Rules of Civ.

———————————————

1.  See art. V, § 2(a), Fla. Const.

<u>Proc.</u>, 131 So. 3d 643, 644 (Fla. 2013) (adopting new Florida Rule of Civil Procedure 1.451). The Committee determined that the requirements of rule 1.451 for allowing a court to permit testimony to be taken electronically are especially well suited to family law cases, and voted 22-0 to propose, out of cycle, that the civil rule be adopted as a family law rule.[2] The Florida Bar Board of Governors approved the proposal by a vote of 39-0. Both the Committee and the Court published proposed new rule 12.451 for comment. No comments were received by either the Committee or the Court.

New Family Law Rule of Procedure 12.451 mirrors Rule of Civil Procedure 1.451 and provides in subdivision (b) that "[t]he court may permit a witness to testify at a hearing or trial by contemporaneous audio or video communication equipment (1) by agreement of the parties or (2) for good cause shown upon written request of a party upon reasonable notice to all other parties."

Accordingly, we adopt new Florida Family Law Rule of Procedure 12.451, as reflected in the appendix to this opinion. The new rule shall become effective immediately upon the release of this opinion.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

---

2. <u>See</u> Fla. R. Jud. Admin. 2.140(e).

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceedings – Family Law Rules Committee

Elizabeth Ann Blackburn, Chair, Family Law Rules Committee, Revis & Blackburn, P.A., Daytona Beach, Florida; John F. Harkness, Jr., Executive Director, and Ellen H. Sloyer, Bar Staff Liaison, The Florida Bar, Tallahassee, Florida,

    for Petitioner

# APPENDIX

## RULE 12.451.    TAKING TESTIMONY

**(a)    Testimony at Hearing or Trial.** When testifying at a hearing or trial, a witness must be physically present unless otherwise provided by law or rule of procedure.

**(b)    Communication Equipment.** The court may permit a witness to testify at a hearing or trial by contemporaneous audio or video communication equipment (1) by agreement of the parties or (2) for good cause shown upon written request of a party upon reasonable notice to all other parties. The request and notice must contain the substance of the proposed testimony and an estimate of the length of the proposed testimony. In considering sufficient good cause, the court shall weigh and address in its order the reasons stated for testimony by communication equipment against the potential for prejudice to the objecting party.

**(c)    Required Equipment.** Communication equipment as used in this rule means a conference telephone or other electronic device that permits all those appearing or participating to hear and speak to each other simultaneously and permits all conversations of all parties to be audible to all persons present. Contemporaneous video communication equipment must make the witness visible to all participants during the testimony. For testimony by any of the foregoing means, there must be appropriate safeguards for the court to maintain sufficient control over the equipment and the transmission of the testimony, so that the court may stop the communication to accommodate objection or prevent prejudice.

**(d)    Oath.** Testimony may be taken through communication equipment only if a notary public or other person authorized to administer oaths in the witness's jurisdiction is present with the witness and administers the oath consistent with the laws of that jurisdiction.

**(e)    Burden of Expense.** The cost for the use of the communication equipment is the responsibility of the requesting party unless otherwise ordered by the court.

### Committee Note

**2015 Adoption.** This rule allows the parties to agree, or one or more parties to request, that the court authorize presentation of witness testimony by

contemporaneous video or audio communications equipment. A party seeking to present such testimony over the objection of another party must still satisfy the good-cause standard. In determining whether good cause exists, the trial court may consider such factors as the type and stage of proceeding, the presence or absence of constitutionally protected rights, the importance of the testimony to the resolution of the case, the amount in controversy in the case, the relative cost or inconvenience of requiring the presence of the witness in court, the ability of counsel to use necessary exhibits or demonstrative aids, the limitation (if any) placed on the opportunity for opposing counsel and the finder of fact to observe the witness's demeanor, the potential for unfair surprise, the witness's affiliation with one or more parties, any other factors the court reasonably deems material to weighing the justification the requesting party has offered in support of the request to allow a witness to testify by communications equipment against the potential prejudice to the objecting party. With the advance of technology, the cost and availability of contemporaneous video testimony may be considered by the court in determining whether good cause is established for audio testimony.