# Supreme Court of Florida

_____

No. SC15-30

_____

**IN RE:  AMENDMENTS TO THE FLORIDA RULES OF CIVIL PROCEDURE.**

[March 5, 2015]

PER CURIAM.

Before the Court is an out-of-cycle report filed by The Florida Bar's Civil Procedure Rules Committee (Committee) proposing amendments to Florida Rules of Civil Procedure 1.490 (Magistrates) and 1.491 (General Magistrates for Residential Foreclosure Matters).  See Fla. R. Jud. Admin. 2.140(f).  We have jurisdiction[1] and adopt the amendments as proposed.

The amendments to subdivision (g) (Hearings) of rule 1.490 (Magistrates) are technical and are intended to clarify the rule.  The amendments to rule 1.491 (General Magistrates for Residential Foreclosure Matters) incorporate a number of procedural changes previously made to rule 1.490 in In re Amendments to the

_____

1.  See art. V, § 2(a), Fla. Const.

Florida Rules of Civil Procedure, 131 So. 3d 643 (Fla. 2013).  See In re Amends. to Fla. Rule of Civ. Pro. 1.490 & New Fla. Rule of Civ. Pro. 1.491, 141 So. 3d 179, 180 n.2 (Fla. 2014) (adopting new rule 1.491 as suggested by the Committee and asking the Committee to consider whether the new rule should be amended in light of the interim amendments to rule 1.490).  The amendments to rule 1.491, adopted here, make the rule 1.491 procedures consistent with the rule 1.490 procedures previously adopted by the Court.  See In re Amends. to Fla. Rules of Civ. Proc., 131 So. 3d at 644-45 (amending rule 1.490 to make the civil rule more consistent with the magistrate rules used in juvenile and family law cases).  The amendments to rule 1.491 do not alter the implied consent provision of subdivision (b) of the rule, which remains different from the rule 1.490(c) requirement that the parties must consent to the use of a magistrate.

Accordingly, the Florida Rules of Civil Procedure are amended as reflected in the appendix to the opinion.  New language is indicated by underscoring; deletions are indicated by struck-through type.  The amendments shall become effective immediately upon the release of this opinion.  Because the amendments were not published by the Court for comment prior to their adoption, interested

persons shall have sixty days from the date of this opinion in which to file

comments with the Court.[2]

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Civil Procedure

---

2. All comments must be filed with the Court on or before May 4, 2015, with a certificate of service verifying that a copy has been served on the Committee Chair, Kevin B. Cook, 818 A1A N. Suite 208, Ponte Vedra Beach, Florida, kcook@rtlaw.com, and on the Bar Staff Liaison to the Committee, Gregory Zhelesnik, 651 E. Jefferson Street, Tallahassee, Florida 32399-2300, gzhelesnik@flabar.org, as well as a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. The Committee Chair has until May 26, 2015, to file a response to any comments filed with the Court. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Portal in accordance with In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment must be electronically filed via e-mail in accordance with In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004). Electronically filed documents must be submitted in Microsoft Word 97 or higher. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

Kevin Bayly Cook, Chair, Civil Procedure Rules Committee, Roger Towers, P.A., Ponte Vedra Beach, Florida; John F. Harkness, Jr., Executive Director and Gregory Zhelesnik, Bar Staff Liaison, The Florida Bar, Tallahassee, Florida,

    for Petitioner

**APPENDIX**

**RULE 1.490.      MAGISTRATES**

**(a) – (f)      [No Change]**

**(g)      Hearings.** The magistrate shall proceed with reasonable diligence in every reference and with the least practicable delay. Any party may apply to the court for an order to the magistrate to speed the proceedings and to make the report and to certify to the court the reason for any delay. The evidence shall be taken by the magistrate or by some other person under the magistrate's authority in the magistrate's presence and shall be filed with the magistrate's report. The magistrate shall have authority to examine on oath the parties and all witnesses produced by the parties ~~on oath~~ on all matters contained in the reference and to require production of all books, papers, writings, vouchers, and other documents applicable to the referenced matters. The magistrate shall admit evidence by deposition or that is otherwise admissible in court. The magistrate may take all actions concerning evidence that can be taken by the court and in the same manner. All parties accounting before a magistrate shall bring in their accounts in the form of accounts payable and receivable, and any other parties who are not satisfied with the account may examine the accounting party orally or by interrogatories or deposition as the magistrate directs. All depositions and documents that have been taken or used previously in the action may be used before the magistrate.

**(h) – (j)      [No Change]**

**Committee Notes**

**[No Change]**

**Court Commentary**

**[No Change]**

**RULE 1.491.      GENERAL MAGISTRATES FOR RESIDENTIAL MORTGAGE FORECLOSURE MATTERS**

**(a)      General Magistrates for Residential Mortgage Foreclosure.** ~~Judges of the circuit court may appoint as many general magistrates from among the members of the Bar in the circuit as the judges find necessary, and the general~~

~~magistrates shall continue in office until removed by the court. The order making an appointment shall be recorded. Every person appointed as a general magistrate shall take the oath required of officers by the Constitution and the oath shall be recorded before the magistrate discharges any duties of that office.~~ The chief judge of each judicial circuit shall appoint such number of <u>general</u> magistrates to handle only residential mortgage foreclosures from among the members of the Bar in the circuit as are necessary to expeditiously preside over all actions and suits for the foreclosure of a mortgage on residential real property; and any other matter concerning the foreclosure of a mortgage on residential real property as allowed by the administrative order of the chief judge. <u>Such general magistrates shall continue in office until removed by the court. The order making an appointment shall be recorded. Every person appointed as a general magistrate shall take the oath required of officers by the Constitution and the oath shall be recorded before the magistrate discharges any duties of that office.</u> General <u>M</u>~~m~~agistrates appointed to handle residential mortgage foreclosure matters only shall not be required to give bond or surety.

**(b)    Reference.**

(1)    ~~No reference shall be to a magistrate, either general or special, without the consent of the parties, except c~~<u>C</u>onsent to a magistrate for residential mortgage foreclosure actions and suits may be express or may be implied in accordance with the requirements of this rule.

(A) – (C)    [No Change]

(2)    [No Change]

**(c)    General Powers and Duties.** <u>The provisions for the general powers and duties of a magistrate in rule 1.490(d) shall apply to proceedings under this rule.</u> ~~Every magistrate shall perform all of the duties that pertain to the office according to the practice in chancery and under the direction of the court. Process issued by a magistrate shall be directed as provided by law. Hearings before any magistrate, examiner, or commissioner shall be held in the county where the action is pending, but hearings may be held at any place by order of the court within or without the state to meet the convenience of the witnesses or the parties. All grounds of disqualification of a judge shall apply to magistrates. Magistrates shall not practice law of the same case type in the court or circuit the magistrate is appointed to serve.~~

**(d)** **Notice of Hearings; Hearings.** The <u>provisions for notice of hearings</u> <u>and hearings in rules 1.490(f)–(g) shall apply to proceedings under this rule.</u> ~~magistrate shall assign a time and place for proceedings as soon as reasonably possible after the reference is made and give notice to each of the parties. If any party fails to appear, the magistrate may proceed ex parte or may adjourn the proceeding to a future day, giving notice to the absent party of the adjournment. The magistrate shall proceed with reasonable diligence in every reference and with the least practicable delay. Any party may apply to the court for an order to the magistrate to speed the proceedings and to make the report and to certify to the court the reason for any delay. Unless otherwise ordered by the court, all hearings shall be held in the courthouse of the county where the action is pending. The evidence shall be taken by the magistrate or by some other person under the magistrate's authority in the magistrate's presence and shall be filed with the magistrate's report. The magistrate shall have authority to examine the parties on oath upon all matters contained in the reference and to require production of all books, papers, writings, vouchers, and other documents applicable to it and to examine on oath orally all witnesses produced by the parties. The magistrate shall admit evidence by deposition or that is otherwise admissible in court. The magistrate may take all actions concerning evidence that can be taken by the court and in the same manner. All parties accounting before a magistrate shall bring in their accounts in the form of accounts payable and receivable, and any other parties who are not satisfied with the account may examine the accounting party orally or by interrogatories or deposition as the magistrate directs. All depositions and documents that have been taken or used previously in the action may be used before the magistrate.~~

**(e)** **Magistrate's Report.** The provisions for the requirement of the magistrate's report in rule 1.490<u>(h)</u> shall apply to proceedings under this rule.

**(f)** **Filing Report; Notice; Exceptions<u>; Record</u>.** The provisions for filing the report, notice, ~~and~~ exceptions to the report, ~~including~~ <u>and</u> requirements for a record~~,~~ in rules 1.490<u>(i)–(j)</u> shall apply to proceedings under this rule.

**Committee Notes**

**2014 Adoption.**    **[No Change]**

**2015 Amendment.** The changes are intended to adopt certain procedural changes made to rule 1.490 by *In re Amendments to Florida Rules of Civil Procedure*, 131 So. 3d 643 (Fla. 2013).